**Order filed July 28, 2016**



### In The

# Eleventh Court of Appeals

_____

## No. 11-15-00209-CR

_____

## JOE ANGEL HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. B-44,526**

### O R D E R

Joe Angel Hernandez, Appellant, pleaded not guilty to the offense of felony driving while intoxicated. The jury convicted him of the offense. Appellant pleaded true to the State's enhancement allegation, and the trial court assessed punishment at confinement for fifty years. We abate the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has professionally and conscientiously examined the record and applicable law and that he has

concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief, the motion to withdraw, and the appellate record and has advised Appellant of his right to review the record and file a response to counsel's brief. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we disagree with court-appointed counsel's conclusion that the appeal is frivolous and without merit. We are of the opinion that there are arguable grounds for an appeal. In this regard, we note that the offense for which Appellant was convicted was a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2015). Appellant pleaded true to the State's enhancement allegation and was punished as a habitual offender. *See id.* § 12.42(d). However, neither the State's enhancement allegation nor the judgments that correlate to the State's allegation indicate that "the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final" as required by Section 12.42(d). The judgments indicate that Appellant was convicted in 2000 for a 1999 robbery and that he was convicted in 2003 for a 1998 murder.

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the case to the trial court for the appointment of new appellate counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial

court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before August 8, 2016. Appellant's brief is due to be filed in this court thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

July 28, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3